CHARLES F. GREEN, EXECUTOR, DEFENDANT IN ERROR,
v. DAVID E. GREEN ET AL., PLAINTIFFS IN ERROR.

Submitted December 6, 1907—Decided February 24, 1908.

The children of a deceased intestate divided his household furniture among themselves, and to manifest the division a schedule was prepared, and under the name of each child there was a list of the articles assigned to each. In nearly every case a value was given each article, but each list contained some article which was not appraised. When the list was completed the values of the articles taken by each child were footed, and it was stipulated that the amount in value of the articles taken should be charged against the share of each in the father's estate, and the possession of the goods was taken by the child to whom it was assigned. The trial court admitted parol evidence tending to show that it was not intended by this written disposition to transfer to one of the children two portraits, although they were included in the list of goods assigned to, and taken by, him, upon the ground that the writing was only a receipt and therefore explainable. *Held,* that the writing was more than a receipt; that it was an agreement regarding the disposition of the household goods of a parent among his children made by them, and having been acquiesced in for over twenty years by all the interested parties, it was not subject to oral explanations.

---

On error to Essex Circuit.

Before GUMMERE, CHIEF JUSTICE, and Justice BERGEN.

For the plaintiffs in error, *Howe & Davis.*

For the defendant in error, *Northrop & Griffiths.*

The opinion of the court was delivered by

BERGEN, J.   The six children of William Green, deceased, made, in 1881, a division of his household furniture among themselves.   The method adopted was the preparation of a schedule, which contained under the name of each child an inventory or list of the articles apportioned to each.   In most cases values were assigned to each article, and the footing was charged to his or her share of the father's estate.   The schedule is entitled "Mem. of disposition of household effects of estate of William Green."   It is a single paper, starting with the name of one of the children; following the name was the list of the articles with values agreed to, in most cases, but each list has some article to which no value is assigned. After the list and footing which the paper states is to be charged against his or her share, is the name of each of the children.   Following the completion and execution of this apportionment and agreement, the chattels were taken by those to whom they were apportioned.   The first item in the assignment to David E. Green reads "Mirror $50.00., 2 portraits," and carried out opposite the two items was the sum $50.

The present controversy is over the two portraits, which, after the distribution was completed, David E. Green took into his possession and retained until his death in 1905.   The suit is in replevin against the legatee to whom David E. Green bequeathed, among other things, all his pictures.

The single error assigned is that the trial court permitted oral evidence tending to show that it was not intended by the written disposition to transfer the title to David E. Green to these two portraits, along with the other property assigned to him in the record of the disposition of the household goods of his father, and about which no claim is made,

but that they were temporarily put in his keeping. The plaintiff in error insists that this evidence ought not to have been admitted because its effect was to vary or alter a written contract between these parties.

The answer is that the writing is nothing more than a receipt and therefore explainable.

The conclusion we reach is that the writing is more than a receipt; it is an agreement as to the disposition of the household goods of a parent among his children made by them. It states that it is a "memo. of the disposition" of the household effects of the deceased, and is a written agreement that each child shall have as his or her property the respective articles contained in the list following the name of such child. That some of the articles in each list were not appraised is of no consequence, for they may have assumed that each was getting a fair share of the unappraised chattels.

It purports on its face to be a memorial or record of a transaction between the parties, acquiesced in for over twenty years by all interested in it, and is not now subject to oral explanations. The testimony ought not to have been admitted. *Naumberg* v. *Young,* 15 *Vroom* 331, 341. The admission of oral testimony to explain this written memorial, and to give to it a different meaning from what clearly appears on its face, was an error which requires a reversal of the judgment below.